IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jacquell Antonio McCullum, | ) | C/A No.: 1:20-1075-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Sheriff Al Cannon, in his individual and official capacity; Dr. Theodore Jacobs, in his individual and official capacity; Nurse Woods, Nurse for Carolina Center for Occupational Health, in his/her individual and official capacity; and Unknown Defendant, | ) ) ) ) ) ) ) ) ) | ORDER AND NOTICE |
| Defendants. | ) ) | |

Jacquell Antonio McCullum ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against the above-named Defendants, alleging violations of his civil rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Plaintiff is currently detained in the Sheriff Al Cannon Detention Center ("Detention Center"). [ECF No. 1 at 2]. He alleges violations of his Eighth and Fourteenth Amendment rights. *Id.* at 4–5. Plaintiff claims he suffers from

heart conditions and from cardiac sarcoidosis. [ECF No. 1-1 at 2]. He alleges his weight, vital signs, and blood pressure have not been checked daily, as required for his conditions, since he was transferred to Detention Center. *Id.* He alleges he complained of ankle and knee swelling and high blood pressure at 4:30 a.m. on February 8, 2020. *Id.* at 3. At approximately 9:30 a.m., Nurse Woods administered his medications. *Id.* He claims that Dr. Jacobs will not advise him of the medications he has been prescribed. *Id.* at 4. He alleged he was rushed to the hospital by EMS at 7:00 p.m. on February 8, and was not released until February 11, 2020. *Id.* at 4–5. According to Plaintiff, the reason for his hospitalization is that he was provided the wrong medication. *Id.*

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C.

2

§ 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

1. Insufficient Allegations Against Sheriff Cannon and "Unknown Defendant"

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make

3

conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

To assert a viable § 1983 claim against a particular public official, Plaintiff must allege a causal connection or affirmative link between the conduct of which he complains and the official sued. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (providing that a plaintiff in a § 1983 action must plead

---

[1] Plaintiff's complaint is properly before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally-guaranteed rights and to provide relief to victims if such deterrence fails.

4

that the defendant, through his own individual actions, violated the Constitution); *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (holding a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section.'") (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)); *Vinnedge*, 550 F.2d at 928 (finding for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights).

Although Plaintiff has made multiple conclusory statements as to perceived violations of his civil rights, he has not alleged any causal link between the complained-of actions and defendants Sheriff Cannon and "Unknown Defendant." Accordingly, Plaintiff's complaint is subject to summary dismissal as to Cannon and Unknown Defendant.

<u>NOTICE CONCERNING AMENDMENT</u>

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **April 10, 2020**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original

5

complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

March 20, 2020
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge